# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS LION,<br>7007 Old Highway 2 Loop<br>Moyie Springs, Idaho 83845,<br><br>          Plaintiff,<br><br>          v.<br><br>THOMAS E. BRANDON,<br>in his official capacity as Acting<br>Director and Deputy Director,<br>Bureau of Alcohol, Tobacco,<br>  Firearms & Explosives<br>99 New York Avenue, N.E.<br>Washington, D.C. 20226,<br><br>          Defendant. | CASE NO. 18-2533 |

## COMPLAINT

COMES NOW Nicholas Lion, by and through counsel, and states to the Court the following:

1. This is an action for judicial review pursuant to 5 U.S.C. § 701, *et seq.*, and for declaratory relief pursuant to 28 U.S.C. § 2201(a), with respect to the denial by the Bureau of Alcohol, Tobacco, Firearms, & Explosives ("ATF") of an application to transfer a firearm silencer to Plaintiff Nicholas Lion pursuant to the National Firearms Act, 26 U.S.C. § 5801 *et seq.* ("NFA").

## PARTIES

2. Plaintiff Nicholas Lion is an individual who is a resident of the State of Idaho.

3. Defendant Thomas E. Brandon is Acting Director and Deputy Director of ATF. Among other duties, Mr. Brandon supervises, directs, and oversees the NFA Division, formerly

1

the NFA Branch, of ATF.  He is sued in his official capacity.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States.

5. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e)(1)(A) as the defendant resides in the District of Columbia.

## APPLICABLE LAW

6. Under the NFA, certain items are defined as regulated "firearms" for purposes of that Act.  26 U.S.C. § 5845.  A silencer is included in the definition of a "firearm." 26 U.S.C. § 5845(a)(7).  "NFA firearms" are subject to the statutory and regulatory requirements of the NFA in addition to the provisions of the Gun Control Act ("GCA") that apply to firearms generally. 18 U.S.C. §§ 921(a)(3) and (a)(24).  It is legal for a citizen to receive and possess a silencer under the NFA if certain conditions are met.

7. An application for transfer of a silencer must be submitted to the ATF's NFA Division with the information specified on the appropriate ATF form, including photographs and fingerprints. 26 U.S.C. § 5812.  A $200 transfer tax must also be paid. 26 U.S.C. § 5811(a).

8. The only statutory ground for denial of an application to transfer an NFA firearm is that "Applications shall be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law."  26 U.S.C. § 5812.   ATF's implementing regulations reiterate that test, stating: "An application, Form 4 (Firearms), to transfer a firearm shall be denied if the transfer, receipt, or possession of a firearm would place the transferee in violation of law." 27 C.F.R § 479.86.

9. For transfer of NFA firearms such as silencers, ATF regulations specify that "In addition to any other records checks that may be conducted to determine whether the transfer, receipt, or possession of a firearm would place the transferee in violation of law, the Director shall contact the National Instant Criminal Background Check System." 27 C.F.R. § 479.86.

10. The National Instant Check System ("NICS"), described at 28 C.F.R. §§ 25.1-25.11, checks several databases for things such as felony convictions, misdemeanor crimes of domestic violence ("MCDVs"), certain mental health commitments, and other disqualifiers that would make it a violation of law for the transferee to receive or possess the firearm, including disqualifiers set forth in 18 U.S.C. § 922(g). *See* 18 U.S.C. § 922(t)(1) and (2).

11. 18 U.S.C. § 922(g)(1) makes it "unlawful for any person…who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess or receive a firearm.

12. Another class of persons prohibited by 18 U.S.C. § 922(g) from receiving or possessing a firearm are individuals who have been convicted of a misdemeanor crime of domestic violence, or MCDV. 18 U.S.C. § 922(g)(9).

13. By statute, "misdemeanor crime of domestic violence" means "an offense that—(i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim…." 18 U.S.C. § 921(a)(33)(A).

**FACTS**

14. Mr. Lion is a licensed pharmacist who resides near Bonners Ferry, Idaho. He is not prohibited from receiving or possessing a firearm pursuant to 18 U.S.C. § 922(g) or any other statute.

15. In 2014, Mr. Lion sought to purchase a firearm silencer from Wrenco Arms, a federally licensed firearms dealer in Idaho that was authorized to deal in NFA firearms. The application to ATF to transfer the silencer (ATF Form 4) was for a Gemtech Quicksand silencer in 7.62 mm, serial number S-14-80233. The application to ATF was dated October 22, 2014, and was assigned number ID 32201. Many months elapsed with no action on the application. Mr. Lion contacted ATF multiple times, as did the dealer, and Mr. Lion eventually got his senators' offices involved.

16. By letter dated June 17, 2015, Mr. Lion was advised by ATF that FBI NICS records did not contain a final disposition for an arrest by the Ship Bottom, New Jersey, Police Department on July 12, 1987, for simple assault. The letter requested that Mr. Lion obtain the official court records and send them to NFA Branch.

17. As instructed, Mr. Lion made an official request for those records on the appropriate New Jersey Judiciary Records Request Form. The records were timely faxed by the Ship Bottom Municipal Court to Justine Hall at NFA Branch on or about July 8, 2015.

18. Those records, including a handwritten docket book, show that Mr. Lion was charged in 1987 with simple assault under N.J. Stat. Ann. 2C:12-1(a)(1) and disorderly conduct under N.J. Stat. Ann. 2C:33-2(a).

19. Under New Jersey law, a simple assault charge is a "disorderly persons" offense,

which carries a maximum penalty of six months in jail and/or a fine of up to $1000.  N. J. Stat. Ann. §§ 2C:12-1(a), 2C:43-3(c), and 2C:43-8.   The disorderly conduct charge is a "petty disorderly persons" offense, which carries a maximum penalty of 30 days in jail and/or a fine of up to $500.  N. J. Stat. Ann. §§ 2C:33-2(a), 2C:43-3(d), and 2C:43-8.

20. Neither of these offenses is "a crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g)(1).  Thus, receipt and/or possession of a silencer by Mr. Lion would not "place the transferee in violation of law" pursuant to 26 U.S.C. § 5812.

21. The Ship Bottom records show the charges against Mr. Lion, but also do not show that Mr. Lion was convicted of either of those offenses.  According to the Certificate of Disposition from the Municipal Court, records were not computerized at that time, and so this handwritten docket book is the only record available regarding disposition of those proceedings.

22. Both of these charges stemmed from a single incident at a public beach on July 12, 1987.  Mr. Lion was then 19 years old and was married to his high school sweetheart, Melissa Onifer.  He resided in Florida at the time and was visiting in New Jersey.  On that date, he was involved in an incident with a male lifeguard while leaving a public beach, in which Mr. Lion shoved the lifeguard away from him.  He later learned that the lifeguard's name was Bill DeMatino.  Mr. Lion had never seen Mr. DeMatino in his life prior to that day. He is, and was, a complete stranger to Mr. Lion.

23. In the fall of 2015, Mr. Lion was told by Joyce Leonard, an ATF examiner, that the transfer application had been denied on October 21, 2015.  However, no written denial was sent either to Mr. Lion or to Wrenco Arms at that time.

24. In late March of 2016, Mr. Lion received a letter signed by then NFA Branch Chief

William Boyle dated February 1, 2016 ("Denial Letter").  After explaining that the information came from NICS, the letter denied the application to transfer the silencer, stating that the denial was based "on the following State or Federal prohibition:  "07/12/1987; 1 CNT: NJ2C33-2A Disorderly Conduct; Ship Bottom PD."  On that basis, the letter stated that Mr. Lion is a "prohibited person" under 18 U.S.C. § 922(g)(1), the section that prohibits felons from possessing firearms.

> 25.     The Denial Letter stated that:
>
> Please note that we will accept all information that you have pertaining to this prohibition. This information may be sufficient to allow ATF to approve a future application. We recommend that you provide any relevant legal documents, including those from the relevant court or law enforcement agency, explaining that you are no longer subject to the prohibition. Any documents proving that no prohibition exists will be forwarded to the FBI to include in their records.

26.     Thereafter, the Form 4 was returned marked "disapproved," with the reason stated as "unable to clear background."

27.     In accordance with the invitation in the Denial Letter to submit additional information, Mr. Lion's counsel had telephone discussions with William Ryan, ATF counsel for the NFA Branch (now the NFA Division).  It was agreed that counsel for Mr. Lion would submit a packet of documentation to Mr. Ryan, including a sworn declaration from Mr. Lion regarding certain facts, so that the appropriate personnel within ATF could reconsider ATF's decision.

28.     Although the Denial Letter did not base ATF's denial on any purported MCDV, the possibility that the Ship Bottom charges could potentially constitute an MCDV was raised in discussions between counsel.  It was agreed that counsel for Mr. Lion could submit documentation showing that the misdemeanor charges were not MCDVs, as that term is used in 18 U.S.C. §

922(g)(9) and 18 U.S.C. § 921(a)(33)(A).

29.     That packet of materials, consisting of a six page letter and thirteen exhibits, was submitted by Mr. Lion's counsel to Mr. Ryan at ATF in July of 2017.  It contained an explanation of the facts, copies of materials that Mr. Lion had previously submitted to ATF, the Denial Letter, copies of New Jersey statutes showing that neither a simple assault offense nor a disorderly conduct offense were punishable by imprisonment for over one year, documentation from Ship Bottom showing the charges, the lack of a conviction record, and some of the circumstances of the incident involving the lifeguard, a sworn declaration by Mr. Lion, and further pertinent information.

30.     Among other things, Mr. Lion's declaration stated that "I was not at the time of the incident, am not now, and have never been:

   a. a current or former spouse, parent, or guardian of Mr. DeMatino;

   b. a person with whom Mr. DeMatino shares a child in common; or

   c.  a person who is cohabiting with or has cohabited with Mr. DeMatino as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent, or guardian of Mr. DeMatino."

31.     The information in that letter and 13 exhibits was presented to the new NFA Division Chief, Alphonso Hughes, to allow him to reconsider ATF's decision.

32.     Counsel for Mr. Lion was informed by Mr. Ryan by telephone on December 12, 2017, that after consideration Division Chief Hughes had decided not to reverse the earlier decision by ATF.  ATF did not issue a written opinion or document embodying Mr. Hughes's decision, and Mr. Ryan informed Mr. Lion's counsel that ATF did not intend to do so.  Accordingly, counsel for

Mr. Lion emailed Mr. Ryan confirming the reconsidered decision by ATF and requesting a copy of the NICS report on Mr. Lion. ATF declined to provide the NICS report.

33. There is an actual controversy between the parties within the meaning of 28 U.S.C. § 2201(a) concerning the lawfulness of the denial of the application and the failure to correct that denial upon reconsideration.

## COUNT I

(Judicial review pursuant to Administrative Procedure Act, including 5 U.S.C. § 706, and Declaratory Judgment Act, 28 U.S.C. § 2201)

34. Paragraphs 1-33 are incorporated herein by reference.

35. 5 U.S.C. § 551(13) provides that "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."

36. 5 U.S.C. § 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

37. 5 U.S.C. § 704 provides in pertinent part that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review."

38. The denial of the transfer application, the Denial Letter, and the failure to grant relief from that Letter on reconsideration, together and/or singly, constitute "agency action" and "final agency action."

39. Plaintiff Lion has suffered legal wrong because of the final agency action in this case, is adversely affected or aggrieved by that agency action, has no other adequate remedy in a court, and is entitled to judicial review pursuant to 5 U.S.C. §§ 702, 704, and 706.

40. Under 5 U.S.C. § 706, the final agency action by ATF is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court; and therefore must be held to be unlawful and set aside, for reasons including, but not limited to, the following:

   a. The alleged conviction of Mr. Lion for disorderly conduct under N. J. Stat. Ann. § 2C:33-2(a) does not make him a "prohibited person" under 18 U.S.C. § 922(g)(1) as stated by the Denial Letter, because that section applies only to "a crime punishable by imprisonment for a term exceeding one year," and the cited disorderly conduct offense is a "petty disorderly persons" offense for which the maximum penalty is 30 days in jail and/or a fine of up to $500. N. J. Stat. Ann. §§ 2C:43-3(d) and 2C:43-8.

   b. Any alleged conviction of simple assault under N. J. Stat. Ann. § 2C:12-1(a)(1) does not make him a "prohibited person" under 18 U.S.C. § 922(g)(1) because that section applies only to "a crime punishable by imprisonment for a term exceeding one year," and simple assault is a "disorderly persons" offense for which the maximum penalty is six months in jail and/or a fine of up to $1000. N. J. Stat. Ann. §§ 2C:43-3(c) and 2C:43-8.

   c. As a matter of law, a conviction under either of the New Jersey statutes would not place Mr. Lion "in violation of law" pursuant to 26 U.S.C. § 5812 were a silencer to be received and/or possessed by him.

   d. The Ship Bottom records do not show a conviction for either disorderly conduct

under N. J. Stat. Ann. § 2C:33-2(a) or for simple assault under N. J. Stat. Ann. § 2C:12-1(a)(1).

e. The request by ATF for Mr. Lion to provide Ship Bottom disposition records regarding the simple assault charge, or any other charges, reverses the burden of proof because an application may only "be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. § 5812. It is not the burden of the proposed transferee to demonstrate that transfer, receipt, or possession would *not* place him in violation of law.

f. To the extent that the denial of relief on reconsideration is based on the potential that either alleged conviction was for an MCDV, there was no evidence that Mr. Lion was "a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim" as required by 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33)(A).

g. The only evidence before ATF on any MCDV issue is the sworn declaration by Mr. Lion that he did not stand in any of those relationships with Mr. DeMatino. Furthermore, requiring such proof from Mr. Lion reverses the burden of proof because an application may only "be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. § 5812. It is not the burden of the transferee to demonstrate that transfer, receipt, or possession would *not* place him in violation of law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicholas Lion prays that this Court hold unlawful and set aside the agency action by ATF in this case, compel agency action unlawfully withheld, declare the rights and duties of the parties, and specifically that this Court:

1. Hold that the final agency action denying the application to transfer a silencer to Mr. Lion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court; and is unlawful and set aside;

2. Declare that Mr. Lion is not a prohibited person under 18 U.S.C. § 922(g)(1) and, if necessary, under 18 U.S.C. § 922(g)(9);

3. Declare that the transfer, receipt, or possession of a silencer would not place Mr. Lion in violation of law;

4. Declare that Mr. Lion does not have the burden of proof to show that the transfer, receipt, or possession of a silencer by him would not place him in violation of law;

5. Order that defendant cause corrected and/or additional information be added to NICS or other pertinent databases to show that Mr. Lion is not prohibited from receiving or possessing a firearm;

6. Order that the application be approved, or that a similar application to transfer a silencer to Mr. Lion be approved; and

7. Award such other and further relief, including costs, expenses, and reasonable

attorney's fees pursuant to 28 U.S.C. § 2412, as appropriate.

Respectfully submitted,

NICHOLAS LION

By Counsel

/s/ Dan M. Peterson
Dan M. Peterson
Dan M. Peterson PLLC
D.C. Bar No. 418360
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)
dan@danpetersonlaw.com